**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHELLE WILLIAMS, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> WASHINGTON MUTUAL BANK, : <br> : <br> Defendant. : | Civil Action No. 07-5559 (JAG) <br><br> **OPINION** |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on Plaintiff Michelle Williams' ("Plaintiff") motion for Reconsideration of this Court's Opinion (Docket Entry No. 16) and Order (Docket Entry No. 15), dated December 29, 2008, which granted Defendant Washington Mutual Bank's ("WMB" or "Defendant"), motion to dismiss and to compel arbitration. For the reasons set forth below, the motion for reconsideration shall be denied.[1]

---

[1] Once again, Defendant has requested sanctions and costs be levied against Plaintiff, in connection with defending the present motion. Defendant included this request in its brief in opposition to Plaintiff's motion for reconsideration.

Under Federal Rule of Civil Procedure 11(c), the Court may impose appropriate sanctions on attorneys who violate Rule 11(b), which states:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

1

## I. **BACKGROUND**

In May 2003, Plaintiff was hired by Defendant for the Assistant Manager position at the WMB banking branch, located in Belleville, New Jersey (the "Branch"). (Compl. ¶ 3.) On May 27, 2003, in consideration of her employment, Plaintiff signed an employee arbitration agreement (the "Agreement") with WMB. (Certification of John Tratnyek ("Tratnyek Cert."), Ex. B.)

In 2004, Plaintiff assisted the Branch manager in interviewing applicants for employment at the Branch, including an individual ("the employee"), who eventually accepted a position. (Compl. ¶¶ 5-6, 13). On May 17, 2007, following a conversation with a co-worker who questioned the employee's immigration status, Plaintiff placed an anonymous call to the WMB

---

Cont.

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b).

District courts retain broad discretion in determining the appropriate sanctions under Rule 11. Langer v. Monarch Life Ins. Co., 966 F.2d 786, 810 (3d Cir. 1992). This Court finds that Plaintiff's conduct in bringing the instant action did not violate Rule 11(b), and does not warrant the imposition of sanctions. Defendant's request for sanctions is denied.

employee hotline to report that the employee was an undocumented worker. (Compl. ¶¶ 24-26). Later that day, Plaintiff was questioned by a representative of the Defendant's security office during which she revealed that she was the caller but had no further knowledge or proof of the employee's immigration status. (Compl. ¶ 28).

As a result of Plaintiff's call, the following day, May 18, 2007, two WMB representatives visited the Branch to investigate Plaintiff's allegations. (Compl. ¶ 29). The representatives perused the relevant hiring records, and found that the records falsely indicated that the employee had produced documents proving her legal immigration status. (Compl. ¶ 33.) Thereafter, a WMB representative informed Plaintiff that she was terminated, effective immediately, for "withholding information." (Compl.¶ 34). Plaintiff protested her termination, stating that she was the one who alerted WMB to the presence of an undocumented worker in the Branch. (Compl. ¶ 35.)

On October 12, 2007, Plaintiff filed a Complaint in Superior Court of New Jersey, Law Division, Essex County alleging retaliation in violation of the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J. Stat. Ann. §34:19-1. (Docket Entry No. 1.) Defendant filed a Notice of Removal with this Court on November 19, 2007. (Id.) This Court maintained jurisdiction over the matter, pursuant to its diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiff's and Defendant's citizenship was diverse, and the amount in controversy exceeded $75,000.00

On May 9, 2008, WMB moved to dismiss the complaint and to compel arbitration. (Docket Entry No. 9.) In support of its motion, Defendant argued that the arbitration agreement between Defendant and Plaintiff constituted a valid, binding agreement, and that state and federal

3

law required that the arbitration agreement be enforced. (See generally Defendant's Brief in Support of the Motion to Dismiss, Docket Entry No. 9.)

Defendant referred this Court to an arbitration agreement bearing Plaintiff's signature. (Id., p. 1.) Plaintiff did not dispute the authenticity or validity of her signature on the arbitration agreement. Instead, she argued that the arbitration agreement was unenforceable, because, at the time of signing, she was not fully aware of its contents. (See generally Plaintiff's Brief in Opposition to the Motion to Dismiss, Docket Entry No. 10.) Specifically, Plaintiff asserted that she was only shown the second page of the arbitration agreement, that she brought this fact to the attention of WMB human resources personnel, and that she was instructed to sign the document, notwithstanding the omission of the first page. (Plaintiff's Brief in Opposition to Defendant's Motion to Compel Arbitration ("Pl. Opp. Br."), p. 3)

After considering the parties' arguments, this Court found that Plaintiff and WMB had a valid and enforceable contract requiring binding arbitration as the means of resolving disputes involving or related to Plaintiff's employment. See generally Williams v. Washington Mut. Bank, No. 07-5559, 2008 WL 5427805 (D.N.J. Dec. 30, 2009). This Court's decision was memorialized its December 29, 2008 Opinion. (Docket Entry No. 16.) Defendant's motion to dismiss and to compel arbitration was granted by this Court's December 29, 2008 Order. (Docket Entry No. 15.)

On January 6, 2009, Plaintiff filed the instant notice of motion for reconsideration of the Court's Opinion and Order. (Docket Entry No. 17.) Defendant opposes the motion. (Docket Entry No. 18.)

## II. LEGAL STANDARD

A motion to reconsider, pursuant to FED. R. CIV. P. 59(e) and L. CIV. R. 7.1(i), is "an

4

extremely limited procedural vehicle," and requests pursuant to these rules are to be granted "sparingly." P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 1992) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)). The Third Circuit has held that the purpose of a motion to reconsider is to "correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

A court may grant a motion to reconsider only if the moving party shows either: (1) an intervening change in the controlling law; (2) the existence of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). To satisfy its burden, the moving party must show "dispositive factual matters or controlling decisions of law" that were brought to the court's attention but not considered. P. Schoenfeld Asset Mgmt. LLC, 161 F. Supp. 2d at 353; see also Pelham v. United States, 661 F. Supp. 1063, 1065 (D.N.J. 1987). "The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached." P. Schoenfeld Asset Mgmt., L.L.C., 161 F. Supp. 2d at 352. "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and argument considered by the court before rendering its original decision fails to carry the moving party's burden.'" Id. (quoting G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (internal citations omitted)).

The "proper ground for granting a motion to reconsider, therefore, is that the matters or decisions overlooked, if considered by the court, 'might reasonably have altered the result

5

reached.'" G-69, 748 F. Supp. at 275 (quoting New York Guardian Mortgagee Corp. v. Cleland, 473 F. Supp. 409, 420 (S.D.N.Y. 1979)).

## III. ANALYSIS

Plaintiff contends that this Court overlooked her argument "in opposition to WMB's motion [that] asserted that the papers WMB gave to [Plaintiff] contained only a part of the form agreement, consisting of what has now been identified as page 2 of a two-page instrument." (Plaintiff's Moving Brief in Support of the Motion for Reconsideration, p. 2.) More specifically, Plaintiff asserts that "[i]t was obviously the Court's mistaken impression that when WMB hired the plaintiff, it duly presented her with the full text of the arbitration agreement, that the text of the agreement as shown to her occupied both sides of a two-sided agreement and that she now seeks to be excused from the obligations contained in that agreement that she did not fully read what WMB had given her." (Id., pp. 1-2.)

Plaintiff's argument in support of her motion for reconsideration repeats the argument set forth in her opposition to Defendants' motion to dismiss. This Court carefully considered and rejected that same argument in its December 29, 2008 Opinion (Docket Entry No. 16). Specifically, this Court acknowledged that,

> Plaintiff alleges that she never saw the first page of the two-sided document. Plaintiff further contends that a Washington Mutual human resources representative informed her that the front-side of the document contained 'Washington Mutual mumbo-jumbo,' thereby leading Plaintiff to sign the document, unaware of its contents. Plaintiff also alleges that the printed name that appears on the front side of the document was not written by her, but rather penciled in later, by someone else.

Williams v. Washington Mutual, No. 07-5559, 2008 WL 5427805 (D.N.J. Dec. 30, 2008) (quoting Pl. Opp. Br., p. 3).

6

Thus, there was no argument that this Court overlooked in its analysis. Further, Plaintiff has neither put forth new evidence, nor asserted an error of law or fact. Nor has Plaintiff proffered any intervening change in the controlling case law requiring this Court to revisit and alter its original decision. See P. Schoenfeld Asset Mgmt., L.L.C., 161 F. Supp. 2d at 352. Accordingly, the motion for reconsideration must be denied.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration of this Court's December 29, 2008 Opinion and Order is denied.

                                                                JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date: July 30, 2009